# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br> vs. <br><br> JOSE LUIS HERNANDEZ-ARIAS, <br><br> Defendant. | CASE NO. 11cr368-BEN <br><br> ORDER DENYING MOTION TO DISMISS COUNT THREE (18 U.S.C. § 1028A) FOR LACK OF JURISDICTION |

Now before the Court is Defendant's Motion to Dismiss Count Three (18 U.S.C. § 1028A) for Lack of Jurisdiction (Dkt. No. 21, filed July 5, 2011). The motion was joined with a motion to sever. Both motions have been denied from the bench. This Order addresses only the motion to dismiss and explains the Court's reasons for denying the motion. A jury trial is currently set for November 8, 2011.

## I. BACKGROUND

Defendant is currently charged with a three-count Indictment. In Count One, Defendant is charged with the crime of being a Deported Alien Found in the United States in violation of 8 U.S.C. § 1326. In Count Two, Defendant is charged with violating 18 U.S.C. § 1546(a) by applying for entry into the United States by presenting a Mexican passport with a tourist visa bearing the name and biographical information of another person, knowing it to have been unlawfully obtained, in order to gain admission to the United States. In Count Three, Defendant is

charged with a sentencing enhancement as follows:

> On or about December 9, 2010, within the Southern District of California, defendant Jose Luis Hernandez-Arias, during and in relation to a violation of Title 18, United States Code, Section 1546(a), knowingly possessed and used, without lawful authority, a means of identification of another person, to wit, a Mexican passport with a tourist visa bearing the name and biographical information of another, knowing that said means of identification belonged to another person; in violation of Title 18, United States Code, Section 1028A.

Defendant is alleged to be an alien.

## II. THE REACH OF 18 U.S.C. § 1028A

Defendant argues that Congress never intended for § 1028A to apply to the stolen identity of a foreigner. Because the Indictment charges him with misusing the passport and visa of a Mexican citizen, Defendant argues that Count Three must be dismissed. Specifically, Defendant argues that the § 1028A charge runs against the commonsense notion that Congress generally legislates with domestic, rather than foreign, concerns in mind. Defendant then says that "there is no need to interpret § 1028A as having a sweeping global reach and protecting the identity of over six billion foreign citizens around the world." Instead, Defendant argues that § 1028A should be interpreted to provide an enhanced sentence only when a defendant uses the identification documents of a United States citizen.

Whether § 1028A applies in the charged context appears to be a question of first impression. Neither party has identified a prior judicial decision on the issue and this Court has found none. Consequently, to identify the intent of Congress, before considering presumptions against extraterritoriality, a court looks to the simple text of the statute. "The preeminent canon of statutory interpretation requires us to presume that the legislature says in a statute what it means and means in a statute what it says there." *Miranda v. Anchando*, ___ F.3d ___ , 2011 WL 3607130 *5 (9th Cir. Aug. 17, 2011) (*quoting BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004)). So, interpretation of a statute begins with the text. *Id.* "If the statutory language is unambiguous and the statutory scheme is coherent and consistent, judicial inquiry must cease." *Id.* (citations omitted). "Resorting to legislative history as an interpretive device is inappropriate if the statute is clear." *Id.* (citations omitted); *Am. Rivers v. FERC*, 201 F.3d 1186, 1204 (9th Cir. 1999) ("legislative history – no matter how clear – can't override statutory text") (citations

- 2 -

omitted).

Section 1028A enhances the sentence for one who uses the stolen identity of another in relation to enumerated felonies. Title 18 U.S.C. § 1028A(a)(1) states,

> Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, *a means of identification of another person* shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years. (Emphasis added.)

For Defendant's argument, the critical phrase in the text is "a means of identification of another person." "Person" is not defined by the statute. The term "person" has broad meaning in ordinary usage. It is significant that a "person" is defined as "a human being," without regard to citizenship. *Black's Law Dictionary* 1257 (9th ed. 2009). In *Flores-Figuerora v. United States,* 129 S. Ct. 1886 (2009), the Court looked at a different aspect of the meaning of a § 1028A and holds that the statute requires the Government to show that a defendant knew that the means of identification used, in fact, belonged to "another person." *Id.* at 1888. *Flores-Figuerora* does not address the argument made here: whether "another person" is limited to a person who is a United States citizen. Nevertheless, on its face, the text of § 1048A plainly applies to the unlawful use of a means of identification of any human being, including a human being who is a foreign citizen. It is not restricted by the text to United States citizens, as Defendant suggests Congress intended.

Moreover, an examination of the statute as a whole confirms that Congress intended the phrase, "a means of identification of another person" to cover non-citizen persons. First, Congress did not use the term "citizen" in § 1028A, although it has done so in other statutes. Second, Congress has defined "identification document" and "issuing authority" for purposes of § 1028A as including documents issued by foreign governments. Subsection 1028(d)(3) defines the term "identification document" as "a document made or issued by or under the authority of the United States Government, . . . a foreign government, political subdivision of a foreign government, and international governmental or an international quasi-governmental organization . . . ." Subsection 1028(d)(6)(B) in like manner defines the term "issuing authority" to include the United States Government and "a foreign government, a political subdivision of a foreign government, or an international government or quasi-governmental organization . . . ." This suggests, that Congress

anticipated that the means of identifying foreign persons would be misused and used language in the statute to encompass such identity misuse. Finally, the phrase "means of identification" is defined for § 1028A as being any name or number used to identify "a specific individual." 18 U.S.C. § 1028(d)(7). Had Congress intended 1028A to apply only to acts involving means of identifying United States citizens, it could have selected a citizen qualifier in this subsection, so as to define "means of identification" as being a name or number of "a specific citizen of the United States," rather than the broader term "a specific individual." Instead, the statutory text includes within its reach documents issued by foreign governments for "persons" and "specific individuals" without regard to their citizenship.

The list of enumerated predicate crimes also leads to this conclusion. The enumerated predicate crimes includes the misuse of a passport or visa to enter the United States. There is no question, and Defendant does not argue otherwise, that a violation of 18 U.S.C. § 1546, as charged in Count Two, qualifies as a predicate offense under § 1028A(c)(7) (relating to passports and visas). *See United States v. Franklin*, Case No. CR 07-967 PGS, 2011 WL 3424448 (C.D. Cal. Aug. 5, 2011) (violations of §§ 1544 and 1546 plainly qualify as predicate offenses for the sentencing enhancement of § 1028A).[1]

It makes no difference whether a misused passport or visa belongs to a United States citizen or a foreign citizen. The national concern for regulating and protecting the borders is the same. In *United States v. Campos-Serrano*, 404 U.S. 293, 299 (1971), the Court observed that § 1546 concerned a very special class of documents: "documents whose primary *raison d'etre* is the facilitation of entry into the country."[2] Thus, by including the unlawful use of documents whose *raison d'etre* is the facilitation of entry into the United States as a predicate offense, Congress intended § 1028A's reach to include passports and visas issued to foreigners. Similarly,

---

[1] *Franklin* involved the obverse argument that § 1028A only applies to the misuse of a passport belonging to a foreign citizen, and that it can never apply to the misuse of a United States-issued passport.

[2] Thereafter, Congress amended § 1546 to broaden the class of documents. *See generally, United States v. Kristic*, 558 F.3d 1010, 1015-17 (9th Cir. 2009).

- 4 -

1  since a United States citizen would not need a visa to enter the United States,[3] the statute

2  contemplates a visa issued to a foreign citizen to be an identification document which may be

3  unlawfully used in violation of § 1546, and thereby subject the violator to the enhanced penalty of

4  § 1028A.

5        The concept of extraterratorial jurisdiction has been long recognized as a means by which

6  the United States may protect itself.  "Entry by an alien in the United States secured by means of

7  false statements or documents is an attack directly on the sovereignty of the United States."

8  *United States v. Rodriguez*, 182 F. Supp. 479, 491 (S.D. Cal. 1960), *rev'd on other grounds*, *Rocha*

9  *v. U.S.*, 288 F.2d 545 (9th Cir. 1961), *cert. denied*, 81 S. Ct. 902 (1961) (affirming application of

10 § 1546 under the protective principle of jurisdiction to acts committed outside of the United States

11 but intended to produce detrimental effects within).  Section 1028A is a valid means by which

12 Congress may protect the United States from acts of identity theft, including the theft of an

13 identity of a foreign citizen, when used by an alien to attempt to gain entry into the United States.

14       The recent case of *Suzlon Energy Ltd. v. Microsoft Corp.* is analogous and instructive.  See

15 ___ F.3d ___, 2011 WL 4537843 (9th Cir. Oct. 3, 2011).  In *Suzlon,* the Ninth Circuit considered

16 that question whether Congress intended foreign citizens to be protected by the Electronic

17 Communications Privacy Act ("ECPA").  *Suzlon* first looked at the plain language of the ECPA

18 and found that the Act applies to "any person" without qualification.  *Id.* at *2.  The court

19 observed that Congress could have added a United States citizenship requirement to the Act.  *Id.* at

20 *3.  *Suzlon* noted that Congress distinguishes between a citizen and "any person" when it wants.

21 *Id.*  That Congress did not distinguish in the ECPA, indicates that Congress did not want to impose

22 any further limitation.  *Id.*  The Ninth Circuit concluded that because the plain language of the

23 ECPA extends its protections to non-citizens, the statute is to be enforced as written.  *Suzlon* also

24 noted that since the statutory text is clear, the district court had no obligation to consider the

25 legislative history of the ECPA.

26       The statutory language is unambiguous and the statutory scheme is coherent and

---

[3]*United States ex rel. Johanson v. Phelps*, 14 F.2d 679, 681 (D. Vt. 1926) (In describing the statute requiring passports and visas from aliens seeking to come to the United States, the court observed,"the function of a visa on a passport is too old and well known to need statutory definition.")

consistent. Because the text of § 1028A is clear, this court declines to consider the legislative history of § 1028A, but notes in passing (as *Suzlon* does), that to fully protect American citizens, it may be necessary to extend the reach of the identity theft statute to all cases where American interests are affected. *Id.* at *4. Certainly, where a stolen identity is used to attempt entry into the country, Congress has the authority and may protect its citizens by criminalizing the unlawful use of another person's identity – whether that identity belongs to a citizen or an alien. That appears to be the Congressional intent of § 1028A.

### III. CONCLUSION

Defendant's motion to dismiss Count Three of the Indictment is denied.

DATED: October 11, 2011

_____
Hon. Roger T. Benitez
United States District Judge